IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLLETTE L. FLANAGAN, | § | |
| INDIVIDUALLY AND ON BEHALF | § | |
| OF THE ESTATE OF CLINTON | § | |
| ALLEN, DECEASED AND | § | |
| RONDERALINE S. ALLEN | § | |
| Individually | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 3:13-CV-4231 |
| | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| THE CITY OF DALLAS, TEXAS, | § | |
| AND CLARK STALLER, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW, Collete L. Flanagan, Individually and on behalf of the Estate of Clinton Allen and Ronderaline S. Allen, Plaintiffs, complaining of Defendants, The City of Dallas, Texas, more particularly the City of Dallas, Texas Police Department, by and through its agents and servants acting jointly and severally in their official capacities and Officer Clark Staller, individually and in his official capacities as a Dallas police officer, and for cause would show the Honorable Court as follows:

## NATURE OF THE ACTION

1.     This is an action brought by the Plaintiffs against the City of Dallas, Texas, and Officer Clark Staller for his individual use of deadly force, assault , unlawful arrest and detention resulting in the wrongful death of Clinton Allen ("Allen") under the color of law in violation of his individual rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and in violation of his civil rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §

1985(3).  Furthermore, Plaintiffs are entitled to recover individually and as representatives for the Estate of Clinton Allen. to the full extent applicable by law under the Texas Wrongful Death Statute, Tex. Civ. Prac. & Rem. Code Ann. § 71.001, et seq., the Texas Survival Statute, Tex. Civ. Prac. & Rem. Ann. Code § 71.021, and all other applicable laws complaining of the various acts listed below and for their wrongful death and survival cause of action.

2.      Plaintiffs allege that the City of Dallas had a duty, but failed to implement policies, practices and procedures that respected Clinton Allen's constitutional rights to assistance, protection, and equal treatment under the law. Defendant's failure to implement the necessary policies and the implementation of unconstitutional policies deprived Clinton Allen of equal protection and due process under the Fourteenth Amendment and caused his unwarranted and excruciating physical and mental anguish and death. For these civil rights' violations, and other causes of action discussed herein, Plaintiffs seek answers and compensation for their damages and the death of Clinton Allen.

## PARTIES

3.      Plaintiff, Collette L. Flanagan is a citizen of the United States and a resident of Dallas County, Texas.  Collette L. Flanagan is the mother of Clinton Allen, decedent, and brings this wrongful-death action pursuant to the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code § 71.021, as the parent of Clinton Allen who, at the time of his death, was a resident of Dallas County, Texas.

4.      Plaintiff, Ronderaline S. Allen is a citizen of the United States and a resident of Dallas County, Texas.  Ronderaline S. Allen is the father of Clinton Allen, decedent, and brings this wrongful-death action pursuant to the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code § 71.021, as the parent of Clinton Allen who, at the time of his death, was a resident of Dallas

County, Texas.

5.       Defendant, the City of Dallas, is a municipality located in Dallas County, Texas. The City of Dallas operates the Dallas Police Department ("DPD").  The City of Dallas may be served with citation herein by and through its agent for service of process, Warren Ernst, City Attorney, Dallas City Hall, 1500 Marilla Street, Dallas, Tx 75201.  Additional service is being made on Mayor Mike Rawlings, 1500 Marilla Street, Room 5EN, Dallas, Tx 75201.

6.       Defendant Clark Staller ("Staller"), upon information and belief, is a resident of Dallas County, Texas, and at all times material herein was a police officer acting in the course and scope of his employment for the City of Dallas and DPD.  Clark Staller may be served with citation at the Dallas Police Department, 1400 S. Lamar, Dallas, Texas 75215 or wherever he may be found.

## JURISDICTION AND VENUE

7.       Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3), to redress the deprivation of rights, privileges and immunities guaranteed to decedent, Clinton Allen,. by constitutional and statutory provisions.  Plaintiffs further invoke the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas.

8.       Venue is proper in this court under because the causes of action occurred within the Northern District of Texas, Dallas Division.

## STATE ACTION

9.       To the extent applicable, Defendants were acting under color of state law when they subjected Clinton Allen to the wrongs and injuries hereinafter set forth.

## FACTS

10.     On or about March 10, 2013 Clinton Allen, a 25 year old unarmed black male, upon information and belief, was confronted by a Dallas Police Officer identified as Defendant Clark Staller ("Staller") for no lawful reason, while in the parking lot of the Rosemont Apartments (the "Rosemont").  Earlier that evening Allen was at the resident of Mandria Kelly and made plans to return but when he arrived back she had another guy there and this guy was very irritated that Clinton kept knocking on the door, so Ms. Kelly, to appease her guest, called 911 to report that "someone was at her door and would not go away."

11.     The call to 911 was placed by Ms. Kelly at approximately 12:26 a.m. and less than 10 minutes, Allen was dead.  According to witness statements, Officer Staller arrived at the apartment complex, and before the caller had a chance to give him any information, saw someone walking towards the parking lot, and initiated a foot pursuit.  Allen was only 10 yards from his car and was trying to leave.  Defendant Staller did not go to the residence of the individual who made the 911 call nor did he talk to anyone to determine who he was looking for or what the situation was.  There was no indication that Allen was armed with a weapon nor did the 911 caller indicate that she felt threatened by Allen.  This was evidenced by the 911 radio dispatch to police officers.

12.     Defendant Staller had no probable cause or reasonable suspicion to believe that Allen was or had  In fact, when Defendant Staller arrived to the Rosemont, Defendant Allen was attempting to leave because he did not want to cause any problems.  Upon information made available to Plaintiffs and investigators for the Dallas Police Department, Clinton Allen was approached by Defendant Staller and asked to raise his hands, in which Allen complied.  Defendant Staller did not have a clue that Allen was the person he was searching for.  Upon

information and belief and according to an eyewitness, Clinton Allen was complying with the instructions given by Defendant Staller, by walking towards him with his hands visible, as instructed.

13.     According to an eyewitness and upon information and belief, Allen was not seen choking Defendant Staller as he claimed nor was he attempting to attack him when Officer Staller shot him multiple times.  Upon information and belief and according to an eyewitness, "At one point, when Defendant Staller shot Allen on the left hand side upper chest toward the left arm, Allen held his right hand up, as if to ask the policeman to stop shooting him.  Allen took his right hand and placed it over the shot in his upper left chest and looked at the blood then he looked at Defendant Staller in disbelief.  Defendant Staller fired several more times at Allen, striking him.  An eyewitness stated the following: "I witnessed the shooting of this young man and I saw no aggression, no fighting, no acting out or anything from this young man, but still, the policeman kept shooting him and yelling for him to put his hands up, but he was already shot and he was shooting him even while he was still telling him to put his hands up."  "The young man was trying to comply but he had been shot so many times, he put his right hand up again as he was falling to the ground.  I personally feel like he did not have to keep shooting this young man. This young man did not put up a fight or anything, but yet he kept shooting him. I heard the policeman that killed Clinton Allen tell another officer, that he "had to unload and reload another clip." l feel like this should not have happened. "

14.     Defendant Staller fatally shot Clinton Allen seven times even though he complied with Defendant Staller's instructions.  Based upon eyewitness testimony, Officer Staller was not in any danger as it would appear that Clinton Allen was not creating an imminent harm to the Defendant officers.

15.     Despite being unarmed and struggling to stay alive, Defendant Staller did not attempt to assist Allen.  In fact, he was observed telling another officer that he had to "unload and reload" another clip.  Several bullet holes were found on a vehicle parked at the Rosemont, suggestion that at least 10 or more shots were fired by Defendant Staller.

16.     As a result of Defendant Staller's deadly and unlawful attack on Clinton Allen, Allen sustained multiple injuries, including injuries to his face, head, and extremities, in addition to the fatal gunshot wounds.

17.     Defendant Staller received a 20-day suspension for a January 2011 incident in which he hit a vehicle burglary suspect with a squad car.  An internal investigation found that Defendant Staller lied about the incident.  The Dallas Police Department knew of Defendant Staller's behavior but did nothing to protect Allen from the harm he suffered.

18.     Defendant, the City of Dallas, has a longstanding record of not preventing excessive force and extrajudicial killings by Dallas Police officers. In fact, the following have taken place in the City of Dallas:

• Police, security guards, or self-appointed vigilantes killed at least 313 African-Americans in 2012 according to a recent study.

• A security officer killed a Black person every 28 hours in 2012.

• Dallas is at the top of the list of police misconduct stats in the South, along with Houston, San Antonio and Irving

• Dallas ranked #11 in the highest misconduct rates, ranking higher than all of Orange County, California.

• Dallas ranked second nationally in police misconduct incidents, behind #1 New Orleans.

• Since 2001, over 60 unarmed black men have been killed by Dallas Police Department

• Total Number of Officer Involved Shootings: 144

• Percent Black and Hispanics Victims of OIS: 70%

• Percent Black and Hispanic Fatalities of OIS: 93%

• Number of Cases Still Open (Internal Affairs): 94

• Number of Grand Jury's Called: 86 • Number of Indictments: 1

• Number of Grand Juries Pending Decision: 24

19.     As indicated above, Defendant Staller attacked Clinton Allen, using excessive and deadly force for no lawful reasons.  During this time, Defendant Staller tased Clinton Allen and continued his assault upon Clinton Allen by delivering seven fatal shots, killing him in cold blood.

20.     There is no evidence that Defendant Staller was in imminent danger.  There were no signs of any visible injuries or bruising to Defendant Staller's body that would indicate that the use of deadly force was justified.  Drawing or Displaying Firearms requires that a threat or reasonable belief that there is a threat to life or they have reasonable fear for their own safety and/or the safety of others, exist in order to authorize an officer to draw or display her/his firearm.

21.     As made clear from eyewitnesses and the shooting summary submitted to the FBI, Allen posed no risk to Defendant Staller, or any other person by attempting to leave. Additionally, independent witness statements made and the 911 call further confirm that Ms. Kelley at no time stated she was in fear or danger.

22.     The shooting summary goes on to describe that after verbal commands were given by Defendant Staller, that Allen had complied, and that Defendant Staller holstered his weapon

and drew a taser.  General Order 901.04(D)(3) Levels of Control ; Electronic Control Weapon (taser) is an intermediate weapon, and is only justified for situations when the officer believes empty hand control will be ineffective.  Empty hand control techniques include joint locks, pressure points, Oleoresin Capsicum Spray, hand held aerosols, and pepper ball saturation, none of which occurred before the drawing of Defendant Staller's duty weapon.

23.     At the time Defendant Staller drew his weapon, there had been no previous interaction between Allen and Defendant Staller, and at no time did Allen resist in any way which would justify the use of deadly force.  The drawing of an Officer's weapon inherently assumes that the use of force will cause death or serious bodily injury to the suspect, and is to be applied under very narrowly defined circumstances.  According to Dallas Police General Order 906.02(D) Authorization to Use Deadly Force; "Officers will only use deadly force to protect themselves or another person from imminent death or seriously bodily injury".  General Order 906.02(E) Drawing or Displaying Firearms; requires that a threat or reasonable belief that there is a threat to life or they have reasonable fear for their own safety and/or the safety of others, exist in order to authorize an officer to draw or display her/his firearm.  Allen posed no risk to Defendant Staller, or any other person by attempting to leave the Rosemont.  Additionally, independent witness statements made by Ronderlan Allen and Mandria Kelley and the 911 call further confirm that Ms. Kelley at no time stated she was in fear or danger.

24.     Defendant Staller's unlawful and unwarranted acts caused Clinton Allen's wrongful death.

25.     Plaintiffs would show that at all times material hereto, Defendant Staller was acting in the scope of his employment as agent, servant, and employee of Defendant the City of Dallas, Texas within its executive branch and were performing a governmental function.

26.     Plaintiffs would further show that Defendant Staller's actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which the City of Dallas, Texas knew or should have known but never provided the requisite and proper training.

27.     Allen was twenty five (25) years old when he was killed by Defendant Staller.  He was in good health, with a reasonable life expectancy of living at least 59 more years to age 84. Clinton had a promising career that was ended with his death.

28.     Moreover, no reasonably competent official would have concluded that the actions of the Defendants described herein would not violate Clinton Allen's rights. In other words, no reasonably prudent police officer under similar circumstances, could have believed that their conduct was justified.

29.     As a direct and proximate result of Defendants' conduct, Plaintiffs have sustained substantial damages and pecuniary loss.

### EXCESSIVE FORCE
### COUNT I-42 U.S.C. § 1983

30.     Plaintiffs incorporate by reference paragraphs 1 through 29 as if fully set forth herein.  Plaintiffs would show that Defendant Staller's actions on the occasion in question were wrongful and constituted gross negligence in depriving Clinton Allen of his constitutional rights, as alleged more fully below.

31.     Plaintiffs would show that at all times material hereto, Defendant Staller had a duty to avoid infliction of unjustified bodily injury to Clinton Allen, to protect Clinton Allen's bodily integrity and to not trample on his constitutional rights.

32.     Plaintiffs would show that Defendant Staller failed to act as reasonable police officers would have acted in the same or similar circumstances.  That is, Defendant Staller,

without justification and the need to do so, tased, disabled, shot and used excessive and deadly force as described above and killed Clinton Allen without probable cause.  Clinton Allen never made any threatening gestures towards the Defendant Staller and attempted to save his life by escaping the assault.

33.     Plaintiffs would further show that the Defendant Staller repeatedly tased and shot Clinton Allen causing bruising and multiple lacerations to Clinton Allen's body.  Defendant Staller attacked Clinton Allen for no lawful reason.  Clinton Allen died as a result of multiple shots fired to his body by Defendant Staller.  The excessive and deadly force used by Defendant Staller was not reasonable nor was it necessary under the circumstances.

34.     Defendant Staller's actions were not objectively reasonable because he failed to follow reasonable procedures and he used excessive force and deadly force in restraining Clinton Allen in a non-life threatening situation.  Clinton Allen was shot 7 times while he was subdued.

35.     Plaintiffs would show that the Defendant Staller denied Clinton Allen his right to be free from cruel, unusual and excessive punishment, and to be free from deprivation of his rights without due process of law, in violation of the Fourth and Fifth Amendments to the United States Constitution as incorporated to the states by the Fourteenth Amendment.  Plaintiffs would show that Defendant Staller was acting within custom, policy, practice and/or procedure of the City of Dallas at the time of the incident.  Plaintiffs would further show that as a result of these violations of Clinton Allen's rights, Plaintiffs have suffered damages within the jurisdictional limits of this court.

36.     The force used by the Defendant Staller was unnecessary and unreasonable under the circumstances, as Clinton Allen, namely cooperating with Defendant Staller, did not require the use of such excessive and deadly force.  Clinton Allen was complying with the instructions

given by Defendant Staller when Defendant Staller for no lawful reason attacked him. Defendant Staller had no probable cause to suspect that a crime was being committed or that his conduct was reasonable.

## RACIAL PROFILING
## COUNT II CIVIL RIGHTS ACTION

37.     Plaintiffs incorporate by reference paragraphs 1-36 as if fully set forth herein.

38.     Racial Profiling:   Plaintiffs would show that Defendant Staller clearly and wrongfully used race as a factor, a proxy, for reasonable suspicion and using excessive force on Clinton Allen.   Additionally, Plaintiffs would show that it is the policy of the Dallas Police Department to treat African Americans in a cruel manner regardless of the circumstances or the need to.  The facts show that there was no probable cause for Clinton Allen's arrest and that no citations were ever issued.   In fact, Plaintiffs would show that the excessive force used by Defendant Staller was not reasonable nor was it necessary as Clinton Allen was complying with the directions given by Defendant Staller, not violating any laws.   Defendant Staller treated Clinton Allen in the manner he did because he was black.   The poor treatment of African Americans by the Dallas Police force, mainly Defendant Staller, is a well known fact in Dallas, Texas.   Plaintiffs would show that Defendant Staller's actions were in violation of TEX. CODE CRIM. PROC. ANN. Art. 2.131-137 (Vernon Supp. 2004) and are therefore strictly liable to Plaintiffs.

39.     Plaintiffs would further show that Defendant Staller denied Clinton Allen's rights to be free from cruel, unusual and excessive punishment, right of equal protection, and deprived him of due process of law, in violation of the Fourth and Fifth Amendment to the United States Constitution as incorporated to the states by the Fourteenth Amendment.   Defendant Staller under the color or law, deprived Clinton Allen of his civil rights, privileges or immunities

secured by the Constitution and laws pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 (3). Plaintiffs would show that Defendant Staller was acting within established wrongful and reckless customs, policies, practices and/or procedures of the City of Dallas, Texas at the time of the incident and further that the Defendant City of Dallas, Texas knew or should have known of these said malicious customs, policies, practices and/or procedures for which the City of Dallas, Texas knew or should have known but never provided the requisite and proper training. Plaintiffs would further show that as a result of these violations of Clinton Allen's rights, Plaintiffs have suffered damages within the jurisdictional limits of the Court.

## FAILURE TO TRAIN
### COUNT III 42 U.S.C. § 1983

40.     Plaintiff incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

41.     Defendant the City of Dallas developed and maintained a policy of deficient training of its police force in the use of force, including the use of deadly force in the apprehension of individuals.  The City of Dallas' training is designed and implemented by persons with final authority to act in this regard.

42.     The City of Dallas' failure to provide adequate training to its police officers regarding the use of deadly force reflects deliberate indifference and reckless and conscious disregard for the obvious risk that officers would use excessive or deadly force on citizens and made the violations of Clinton Allen's constitutional rights, including his death, a reasonable probability.

43.     Plaintiffs would show that Defendant Staller's actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which the

City of Dallas, Texas knew or should have known but never provided the requisite and proper training.

44.    The City of Dallas' failure to properly train its police officers regarding the use of force was the proximate cause of the violations of Clinton Allen's constitutional rights including the unnecessary taking of his life.

## FALSE ARREST
## COUNT IV – 42 U.S.C. § 1983

45.    Plaintiffs incorporate by reference paragraphs 1 through 44 as if fully set forth herein.

46.    Additionally, and in the alternative, Plaintiffs would show that Defendant Staller's actions were objectively unreasonable and done in bad faith in that Defendant Staller attempted to arrest Clinton Allen without probable cause.  Clinton Allen did not commit a crime as the evidence would show.  Plaintiffs would further show that they have suffered damages within the jurisdictional limits of this court as a result of the wrongful arrest and that such arrest was done under color of law.  Plaintiffs would show that Defendant Staller was acting within custom, policy, practice and/or procedure of the City of Dallas, Texas at the time of the incident. Plaintiffs would additionally show that such wrongful arrest was done in violation of Clinton Allen's rights under the Fourth and Fifth Amendments of the United States Constitution, as incorporated to the states by the Fourteenth Amendment, and that Plaintiffs have suffered damages within the jurisdictional limits of this court as a result of the violations of their rights.

47.    Defendant Staller was acting under the color of law when he deprived Clinton Allen of his constitutional right to be free from false arrest.

48.    Additionally and in the alternative, Plaintiffs would show that Defendant Staller's actions were objectively unreasonable and done in bad faith because Defendant Staller was

without probable cause to think that Clinton Allen had committed the crime.  Plaintiffs would further show that they have suffered damages within the jurisdictional limits of this court from the wrongful shooting of Clinton Allen and said shooting was done under color of law.  Plaintiffs would show that Defendant Staller was acting within custom, policy, practice and/or procedure of the City of Dallas, Texas at the time of the incident.  Plaintiffs would additionally show that such wrongful shooting was done in violation of Clinton Allen's rights under the Fourth and Fifth Amendments of the United States Constitution, as incorporated to the states by the Fourteenth Amendment, and that Plaintiffs have suffered damages within the jurisdictional limits of this court as a result of these violations of their rights.

## ASSAULT AND BATTERY
### COUNT V

49.     Plaintiffs incorporate by reference paragraphs 1 through 48 as if fully set forth herein.

50.     Defendant Staller intentionally and without consent placed Clinton Allen in apprehension of imminent harmful contact and caused harmful bodily contact to Clinton Allen.

51.     As a proximate result of the foregoing, Clinton Allen suffered grievous bodily harm, substantial physical and emotional pain, and loss of life.

## NEGLIGENT FAILURE TO TRAIN AND DISCIPLINE
### COUNT VI

52.     Plaintiffs incorporate by reference paragraphs 1-51 as if fully set forth herein. Additionally and in the alternative, Plaintiffs would show that at all times material hereto, Defendant the City of Dallas' Police Department lacked guidelines both to restrict the use of force, including the use of tasers and to monitor the use of tasers, or, if such guidelines existed, they were grossly inadequate to ensure the proper and restrained use of force including tasers by

police personnel.

53.     Plaintiffs would show that Defendant the City of Dallas endorsed the unfettered use of deadly force, including a taser, even in situations where no crime was committed. Plaintiffs would show that Defendant the City of Dallas' failure to properly train, supervise, test, regulate, discipline or otherwise control its employees and the failure to promulgate proper guidelines for the use of force including fire arms and tasers constitutes a custom, policy, practice and/or procedure in condoning unjustified use of deadly force in violation of the constitutional rights of Clinton Allen.   Furthermore, Defendant the City of Dallas' failure to properly train, supervise, test, regulate, discipline or otherwise control its employees serves to condone the improper behavior previously alleged. As a result of this failure to train and discipline, Plaintiffs have suffered damages within the jurisdictional limits of this court.   As described above, the Defendant Staller shot Clinton Allen with the taser gun and used deadly force when it was unnecessary despite the lack of any threat necessitating the need to do so.

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### COUNT VII

54.     Plaintiffs incorporate by reference paragraphs 1 through 53 as if fully set forth herein.  Plaintiffs would show if Defendant Staller was acting in his individual capacity, then he committed the following intentional torts against Clinton Allen:

    a.     Assault and Battery; and

    b.     False Imprisonment.

55.     As a direct and proximate result of the actions of Defendant Staller, Plaintiffs suffered pain and suffering, mental anguish, and severe emotional distress, loss of support and companionship damages within the jurisdictional limits of this court.

56.     Defendant Staller embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused Clinton Allen to suffer extreme and severe mental and emotional distress, agony and anxiety.

57.     Defendant Staller's aggressive and violent attack on an unarmed, fleeing, and defenseless man offends generally accepted standards of decency and morality.

## GROSS NEGLIGENCE
### COUNT VII

58.     Plaintiffs incorporate by reference paragraphs 1 through 57 as if fully set forth herein.

59.     Defendant Staller had a duty to employ only reasonable measures in the treatment of the decedent.

60.     Notwithstanding said duties, Defendant Staller acted in a wanton and willful manner, exhibiting such carelessness and recklessness as to evince a conscious disregard for the life and safety of Clinton Allen.

61.     Defendant Staller was aware that Clinton Allen had not committed a crime and Defendant Staller was not facing any imminent or serious threat of bodily harm.  Thus, he knew or should have known that he had no right to use any force whatsoever with respect to Clinton Allen.  He nonetheless illegally apprehended Clinton Allen through his use of deadly force by shooting him seven times.

62.     Defendant Staller knew or should have known that his course of action of drawing his lethal weapon and firing it at Clinton Allen would place him in grave danger of serious injury, which it did.

63.     As a direct and proximate result of the gross negligence of Defendant Staller, Plaintiffs have suffered damages.

## TEXAS SURVIVAL ACTION
### COUNT IX

64.     Plaintiffs incorporate by reference paragraphs 1 through 63 as if fully set forth herein.

65.     Pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 71.021, the decedent's right of action for wrongful and negligent conduct against Defendant Staller survives in favor of heirs, legal representatives, and the estate of the deceased.

66.     Defendants are liable to Plaintiffs for the loss of Clinton Allen's life, pain and suffering, and the violation of his civil rights.

## TEXAS WRONGFUL DEATH ACT
### COUNT X

67.     Plaintiffs incorporate by reference paragraphs 1 through 66 as if fully set forth herein.

68.     Plaintiff Collette Flanagan is the legal administrator for the estate of Clinton Allen.

69.     Clinton Allen died as a result of Defendant Staller's wrongful conduct.

70.     Clinton Allen would have been entitled to bring this action against Defendant Staller if he had lived.

71.     By reason of Defendant Staller's wrongful conduct of shooting to death an unarmed individual without the imminent threat of serious bodily harm, Defendant Staller is liable for damages.

72.     Defendant Staller's conduct that caused Clinton Allen's death was a producing cause of injury to Clinton Allen, which resulted in the following damages: loss of a family

relationship, love, support, services, emotional pain and suffering, and for his intentional and reckless acts and infliction of emotional distress caused by the wrongful killing of Clinton Allen.

73.     Plaintiffs seek unliquidated damages within the jurisdictional limits of this Honorable Court.

74.     Clinton Allen's death resulted from Defendant Staller's willful act or omission or from Defendant Staller's gross negligence, which entitles Clinton Allen's heirs to exemplary damages under the Texas Constitution article 16, section 26.

## DAMAGES ALL DEFENDANTS
### COUNT XI

75.     Plaintiffs incorporate by reference paragraphs 1 through 74 as if fully set forth herein.  Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiffs and decedent:

a. Actual damages;

b. Loss of affection, consortium, comfort, financial assistance, protection, affection and care;

c. Pain and suffering and mental anguish suffered by Clinton Allen prior to his death;

d. Mental anguish and emotional distress suffered by Plaintiffs;

e. Loss of quality of life;

f. Funeral and burial expenses;

g. Loss of service;

h. Loss of earnings and contributions to Plaintiffs;

i. Exemplary and punitive damages as well as reasonable attorneys' fees and costs of court;

j. Pursuant to 42 U.S.C. §1988, and other applicable laws, Plaintiffs should

be awarded reasonable attorney's fees for the preparation and trial of this

cause of action, and for its appeal, if required;

k. Prejudgment interest; and

l. Post judgment interest.

76.     Plaintiffs seek unliquidated damages in an amount that is within the jurisdictional limits of the court.

## PUNITIVE/EXEMPLARY DAMAGES
### XI

77.     Plaintiffs incorporate by reference paragraphs 1 through 76 as if fully set forth herein.  Additionally and in the alternative, the conduct of Defendant Staller was done with malice.  As such, Plaintiffs request punitive and exemplary damages to deter this type of conduct in the future.  In the alternative, such heedless and reckless disregard of Clinton Allen's rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment.  Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiffs request punitive and exemplary damages are awarded against Defendant Staller in a sum which is within the jurisdictional limits of this court.

## COSTS AND ATTORNEY FEES

78.     Plaintiffs incorporate by reference paragraphs 1 through 77 as if fully set forth herein.  Plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b).  As such, Plaintiffs request the Court to award costs and attorney fees incurred in Plaintiffs' prosecution of this litigation.

## JOINT AND SEVERAL LIABILITY

79.     Plaintiffs incorporate by reference paragraphs 1 through 78 as if fully set forth

herein.    Plaintiffs would show that Defendants were jointly and severally liable for the negligence and gross negligence, which was the proximate cause of Plaintiffs' injuries.

## CONDITIONS PRECEDENT

80.    Plaintiffs reserve their rights to plead and prove the damages to which they are entitled to at the time of trial.  All conditions to Plaintiffs' recovery have been performed or have occurred.

## TRIAL BY JURY

81.    Plaintiffs have paid a jury fee and demands trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiffs have and recovers judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

By: _/s/ Daryl K. Washington_____
DARYL K. WASHINGTON
State Bar No. 24013714
**LAW OFFICE OF DARYL K. WASHINGTON, P.C.**
325 N. St. Paul St., Suite 1975
Dallas, Texas  75201
214 880-4883
214-751-6685 - fax

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on October 18, 2013, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.


         /s/ Daryl K. Washington
         DARYL K. WASHINGTON