**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **COLLETTE L. FLANAGAN, et al,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **3:13-CV-4231-M-BK** |
| | § | |
| | § | |
| **CITY OF DALLAS, et al.,** | § | |
| **Defendants.** | § | |

**SCHEDULING ORDER FOR MOTION FOR SUMMARY**
**JUDGMENT ON THE ISSUE OF QUALIFIED IMMUNITY**

Pursuant to Special Order No. 3-251, this case was referred by the District Judge to the undersigned Magistrate Judge for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Judge on dispositive motions.

**I.  ASSERTION OF QUALIFIED IMMUNITY DEFENSE**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, use of excessive force, false arrest, and negligence.  In his answer, filed January 10, 2014, Defendant Clark Staller asserted the defense of qualified immunity.

The Supreme Court has emphasized that "qualified immunity questions should be resolved at the earliest possible stage in litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n.5 (1987) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  To ensure the early resolution of the qualified immunity issue, the Court enters the following scheduling order:

## II. DEADLINES

### A.   Motion for Summary Judgment

Defendant Staller shall file his motion for summary judgment on the issue of qualified immunity, with supporting evidence, no later than **March 27, 2014**.

### B.   Discovery

All discovery against Defendant Staller in his individual capacity is stayed pending a ruling on the motion for summary judgment. *See Wicks v. Mississippi State Employment Service*s, 41 F.3d 991, 994-95 (5th Cir. 1995) (citing cases and holding that stay of discovery is mandatory unless the court is unable to rule on the immunity defense without further clarification of the facts).

To the extent that Plaintiff contends that limited discovery is required in order to respond to the qualified immunity issues raised in the summary judgment motion, Plaintiff may file a motion for leave to conduct discovery by **April 11, 2014**.  The motion must include:  (1) the specific interrogatories Plaintiff intends to serve on Defendant Staller in his individual capacity; (2) a list of the specific documents or categories of documents Plaintiff wants to obtain from Defendant Staller in his individual capacity; and (3) an explanation of why this discovery is necessary to enable Plaintiff to respond to the specific qualified immunity issues raised in the motion for summary judgment.  The Court will review Plaintiff's request(s) to determine whether any or all of the discovery should be allowed.  If the Court grants the motion, an amended scheduling order will issue setting forth the specific discovery allowed as well as deadlines for completion of discovery and response to the motion for summary judgment on the issue of qualified immunity.

**C.      Response to Motion for Summary Judgment**

If Plaintiff does not file a motion for leave to conduct discovery by the deadline in paragraph B above, Plaintiff shall file a written response to Defendant Staller's motion for summary judgment, with controverting evidence, no later than **April 28, 2014.**

**D.      Reply to Response to Motion for Summary Judgment**

Defendant Staller may file a reply brief no later than **May 16, 2014**, but may not include additional evidence without first obtaining leave of Court.

**E.      Hearing**

The Court likely will rule on the summary judgment motion based on the written submissions of the parties and without hearing oral argument.  However, the parties will be contacted if the Court deems a hearing necessary.

**SO ORDERED** on February 27, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE