IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

COLLETTE L. FLANAGAN and
RONDERALINE S. ALLEN,

      Plaintiffs,

v.                                    3:13-CV-04231-M-BK

CITY OF DALLAS, TEXAS and
CLARK STALLER,

      Defendants.

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

This case has been referred to the undersigned for pretrial management. Doc. 28. The cause is now before the Court for a recommendation on Defendant City of Dallas's *Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs' Racial Profiling Claims in their Fourth Amended Complaint*. Doc. 54. For the reasons that follow, the Court recommends that the motion be **DENIED**.

**I.    BACKGROUND**

Plaintiffs' state and federal constitutional claims against Defendant City of Dallas ("the City") arise out of the shooting death of Clinton Allen, Plaintiffs' child, during a struggle with Dallas Police Department ("DPD") Officer Clark Staller. In September 2014, the District Court dismissed without prejudice Plaintiffs' (1) Fourteenth Amendment equal protection claim based on racial profiling; and (2) Fourth Amendment excessive force claim insofar as that claim was based on a policy of racial profiling. Doc. 38 at 7, 14-16; Doc. 42. The Court denied the City's motion to dismiss the remainder of Plaintiffs' claims. Doc. 42. Plaintiffs have now amended their complaint in an effort to state a claim under the Fourteenth Amendment for racial profiling.

Doc.51at 15-17. They have not raised the racial profiling aspect of their Fourth Amendment claim again.

In their amended complaint, aside from the shooting incident that killed Allen, Plaintiffs list several instances of Officer Staller's misconduct and complaints against him and contend that the City, the DPD, and DPD Police Chief David Brown knew of Officer Staller's prior misbehavior and lack of training, but did nothing to protect Allen and others. Doc. 51 at 7. Plaintiffs assert that the City and the DPD have a longstanding record of not adequately training DPD officers and not preventing their use of excessive force. Doc. 51 at 7-8. In terms of their racial profiling claim, Plaintiffs state that:

> Defendant Staller clearly and wrongfully used race as a factor, a proxy, for reasonable suspicion and using excessive force on Allen. Allen was treated differently than similarly-situated non-African Americans and as an illustration points to the following statistics: From 2000-2013, there were seventy plus unarmed Black and Hispanic deaths as a result of police shootings. Over 56% of the fatalities were black. There were few, if any, white males killed during that same time period. Additionally, Plaintiffs would show that it is the official customs, policies and practices of the DPD in regards to the use of deadly force as authorized and/or ratified by the Dallas City Council and Chief Brown to treat African Americans in a cruel manner regardless of the circumstances or the need to because of a systematic pattern of stereotyping developed by the DPD. . . Defendant Staller treated Allen in the manner he did because he was a black male. The poor treatment of African Americans by the DPD, mainly Defendant Staller, is a well known fact in Dallas, Texas.

Doc. 51 at 15-16. The City moves to dismiss this claim again pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 51.

## II.   APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's

complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). The complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity, and the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted). In short, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

In *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993), the Court held that heightened pleading standards for civil rights claims against municipalities could not be squared with the "liberal system of 'notice pleading' set up by the Federal Rules." Accordingly, the *Leatherman* Court disapproved of the argument that "[t]o establish municipal liability under § 1983, . . . a plaintiff must do more than plead a single instance of misconduct." *Id.* at 167. The complaint whose sufficiency was at issue in *Leatherman* was described in the court of appeals decision as follows:

> [Plaintiffs'] complaint alleged generally that the municipalities failed to formulate and implement an adequate policy to train its [sic] officers in the proper manner to execute search warrants and respond when confronted by family dogs. The allegations were of the "boilerplate" variety, alleging no underlying facts other than the [two] events [of police misconduct] described above to support the assertions that the municipalities had adopted policies, customs, and practices condoning the conduct of the officers involved. . . While plaintiffs' complaint sets forth the facts concerning the police misconduct in great detail, it fails to state any facts with respect to the adequacy (or inadequacy) of the police training.

*Leatherman v. Tarrant Cnty. Narcotics* Intel. & Coord. *Unit*, 954 F.2d 1054, 1056, 1058 (5th Cir. 1992) (footnotes omitted),

As is relevant in this case, a claim of racial profiling is a claim that one's equal protection rights have been violated. *Whren v. United States*, 517 U.S. 806, 813 (1996) (holding that claims asserting that selective enforcement of a law based on race are properly brought under the Equal Protection Clause and that the clause may be violated even if police action is acceptable under the Fourth Amendment). To state a claim of racial profiling under the Equal Protection Clause and 42 U.S.C. § 1983, a plaintiff must allege that he was treated differently than similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent. *Pinedo v. City of Dallas*, No. 14-cv-958-D, 2015 WL 221085, at *9 (N.D. Tex. 2015) (Fitzwater, J.) (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004)).

### III.    ARGUMENTS AND ANALYSIS

The City argues that Plaintiffs' fourth amended complaint does not allege any new facts that plausibly support their conclusory assertion that similarly situated individuals were treated differently. Doc. 54 at 6. The City contends that Plaintiffs should have offered supporting facts demonstrating that Allen was treated differently, and that his statistics, even if assumed accurate, do not state that the few white males that were killed during the same time frame were similarly situated to anyone. Doc. 54 at 7. Further, the City asserts, Plaintiffs have not detailed how the comparators were similarly situated in terms of the police encounters they confronted. Doc. 54 at 7-8. Plaintiffs respond that the cases the City cites are inapposite, and they have met their low burden of pleading sufficient facts to support their case against a Rule 12(b)(6) challenge. Doc. 56, *passim*.

Plaintiffs' current complaint generally alleges that Officer Staller used race as a factor in using excessive force on Allen, Allen was treated differently than similarly-situated non-African Americans, and more than 70 minorities have been killed in police shootings over the past 13 years while few, if any, white males suffered that fate.  Additionally, Plaintiffs allege that the DPD's customs, policies and practices permit this use of deadly force based on stereotyping, which is authorized or ratified by the City.

Similar allegations have been found sufficient to state a section 1983 claim.  *Mack v. City of Abilene*, 461 F.3d 547, 556 (5th Cir. 2006) (finding that the plaintiff sufficiently alleged a policy/custom where he stated that the city inadequately supervised and trained its police officers, including those known to have engaged in misconduct and, as a result, the defendants believed their actions were not monitored and would not be investigated); *Buchanek v. City of Victoria*, No. V-08-08, 2008 WL 4093623, at *9-10 (S.D. Tex. 2008) (stating that "'[b]oilerplate' allegations of inadequate municipal policies or customs generally suffice"); *Allen v. City of Galveston*, No. G-06-467, 2007 WL 996628, at *2, 7 (S.D. Tex. 2007) (denying motion to dismiss where plaintiffs alleged "official policies, de facto policies, and/or customs that require police officers to show unqualified support for other officers" despite doubts whether plaintiffs could ultimately prevail); *Wayne v. City of San Antonio*, No. SA-06-cv-551-XR, 2006 WL 3487022, at *5 (W.D. Tex. 2006) (holding that a plaintiff's "boilerplate" language concerning the existence of a city's custom or practice "must survive" a motion to dismiss); *Batiste v. City of Beaumont*, 421 F.Supp.2d 969, 988 (E.D. Tex. 2005) (denying motion to dismiss where plaintiff's petition alleged a "pattern of widespread abuse . . . in the use of force generally, and taser guns in particular, against black citizens" even though the complaint was "devoid of specific factual allegations that support the claim"); *Jacobs v. Port Neches Police*

*Dep't*, No. 94-cv-767, 1996 WL 363023, at *14 n.12 (E.D. Tex. 1996) (finding that "in order to state a claim, a plaintiff must simply plead that the alleged constitutional violation was proximately caused by a policy or custom of the municipality and outline some of the facts of the particular harm at issue. Plaintiff need not specify at the pleading stage the proof on which he or she bases the claim that a municipal policy or custom was in existence."), *adopted by* 1997 WL 470354 (E.D. Tex. 1997). Accordingly, Plaintiffs have adequately alleged a racial profiling claim under the Fourteenth Amendment sufficient to survive dismissal at this stage of the litigation.

### IV.   CONCLUSION

For the reasons stated, the undersigned recommends that the City's *Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs' Racial Profiling Claims in their Fourth Amended Complaint*, Doc. 54, be **DENIED**.

**SO RECOMMENDED** on July 15, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE