IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLLETTE FLANAGAN, Individually and on behalf of the Estate of CLINTON ALLEN, deceased, and RONDERALINE S. ALLEN, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF DALLAS, TEXAS, and CLARK STALLER,<br><br>Defendants. | § § § § § § § § § § § § § § | Civil Action No. 3:13-cv-04231-M |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for New Trial (ECF. No. 188). After consideration, the Court **DENIES** the Motion.

**I.     BACKGROUND**

In the early morning of March 10, 2013, Clinton Allen was shot and killed during an attempted arrest by Dallas police officer Clark Staller. (*See* Answer, ECF No. 9, at ¶ 1.19).

On October 18, 2013, Allen's parents filed this action against the City of Dallas and Staller, alleging claims against Defendants for violation of Allen's constitutional rights under 42 U.S.C. § 1983. (ECF No. 1).

On October 10, 2017, a jury trial commenced. (ECF No. 162). Plaintiffs presented witnesses and evidence for six days and closed their case-in-chief on October 19, 2017. (ECF No. 176). On the same day, the City of Dallas moved for and successfully obtained dismissal under Rule 50(a). (*Id.*). Trial continued only as to whether Staller used "excessive force" during the attempted arrest that resulted in Allen's death. For two days, Staller presented witnesses and

evidence supporting his defense before closing his case-in-chief on October 23, 2017. (ECF No. 177, 178). The circumstances leading to, and the culpability for, Allen's death were highly disputed. The Court charged the jury on the same day. (ECF No. 178).

The jury charge included instructions on the elements of an excessive force claim, and asked:

> Question No. 1
>
> Did Plaintiffs prove, by a preponderance of the evidence, that Clark Staller used excessive force on Clinton Allen on March 10, 2013?

(ECF No. 180, at 7, 12). The verdict form also included instructions and questions related to causation (Question 2), the defense of qualified immunity (Question 3), compensatory damages (Question 4), and punitive damages (Questions 5 and 6). (*Id.* at 12-15).

After deliberation, the jury answered "No" to Question 1, without answering any additional questions as the instructions provided. (*Id.* at 12).

On October 30, 2017, the Court entered a take-nothing judgment in favor of Defendants. (ECF No. 184). Four weeks later, Plaintiffs filed their Motion for New Trial, claiming the jury verdict runs against the "great weight of the evidence." (ECF No. 188, at 1).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(a)(1), a district court may grant a new trial if the verdict runs against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error occurred. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). The moving party has the burden to demonstrate harmful error justifying a second trial. *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000). When a party challenges the jury verdict, the court has no obligation to grant a new trial unless it finds the evidence—viewed in the light most favorable to the verdict—weighs so strongly and overwhelmingly in favor of

one party that no reasonable person could arrive at a contrary conclusion. *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 770 (5th Cir. 2009); *see Cobb v. Rowan Cos.*, 919 F.2d 1089, 1091 (5th Cir. 1991).

## III. ANALYSIS

### A. Plaintiffs' challenge to the jury charge

Plaintiffs contend that error arises in this case because the verdict form divided Plaintiffs' excessive force claim into two jury questions: Question 1, which the jury answered, and Question 3, which the jury did not answer. Plaintiffs' argument is not well taken.

While Question 1 asked whether Plaintiffs proved their "excessive force" allegations by a preponderance of the evidence, Question 3 does not seek a determination on any affirmative claims. Question 3 relates exclusively to Staller's qualified immunity defense. The scope and purpose of Question 3 is clear, because its language tracks the Court's jury instruction on qualified immunity. (*Compare* ECF No. 180, at 8-9 (jury instruction stating that a qualified immunity defense applies if a "reasonable officer could have believed that the actions taken by Clark Staller were lawful"), *with id.* at 13 (Question 3 asked if "reasonable officer could have believed that the force used by Clark Staller on Clinton Allen was lawful"). The jury was not required to separately answer Question 3 because the jury found, in response to Question 1, that Plaintiffs failed to prove their excessive force claim.

To the extent Plaintiffs had objections to the wording of the jury charge, they were required to make those objections before the Court submitted the charge to the jury. *See Eastman Chem. Co. v. Plastipure, Inc.*, 775 F.3d 230, 241 (5th Cir. 2014). Plaintiffs did not object on the basis now referenced as to the relationship between Questions 1 and 3. The Court

will not consider belated objections at this stage, even if, contrary to this Court's conclusion, they were meritorious.

    **B.    Plaintiffs' challenge to the sufficiency of the evidence**

Plaintiffs further argue the jury's answer to Question 1 runs "against the great weight and preponderance of the evidence." (Mot., ECF No. 188, at 9). Plaintiffs contend "no reasonable juror could have concluded that Staller's decision to fire seven bullets at an unarmed man was not excessive." (*Id.*).

During the ten day trial, the jury heard testimony from persons who saw the shooting, police officers and detectives, medical and forensic experts, and Staller. The jury heard conflicting evidence and competing witness testimony as to whether the use of force by Staller was excessive under the circumstances, and whether Allen posed a threat of serious physical harm to Staller and others. Although Plaintiffs' witnesses testified that Allen had his hands up prior to the shooting and did not instigate a physical encounter with Staller, (Mot., ECF No. 188, at 12-14), other evidence and testimony was that Allen was high on phencyclidine, refused to comply with Staller's commands, and even attacked Staller. (Resp., ECF No. 189, at 11-14). Resolution of the evidentiary conflict was clearly within the province of the jury.

**IV.    CONCLUSION**

The Court finds that the jury verdict does not point so "strongly and overwhelmingly" in Plaintiffs' favor that reasonable jurors could not reach a contrary conclusion. *See Wooten v. Relco Sys., Inc.*, No. 3:12-CV-3905-P, 2015 WL 12765415, at *3 (N.D. Tex. May 13, 2015). The Court therefore **DENIES** Plaintiffs' Motion for New Trial.

**SO ORDERED**.

February 23, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE